**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Cary Glenn Ryals, Appellant.

Appellate Case No. 2017-001090

———————

Appeal From Berkeley County
Kristi Lea Harrington, Circuit Court Judge

———————

Unpublished Opinion No. 2019-UP-355
Submitted October 1, 2019 – Filed November 6, 2019

———————

**AFFIRMED**

———————

Appellate Defender Victor R. Seeger, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Assistant Attorney General William Frederick Schumacher, IV, both of Columbia, and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

———————

**PER CURIAM:** Cary Glenn Ryals appeals his conviction for harassment in the second degree, arguing the trial court abused its discretion in allowing expert testimony because the testimony (1) was on a subject within the ordinary

knowledge of a jury, (2) was irrelevant, and (3) improperly bolstered the credibility of the victim. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court abused its discretion in allowing expert testimony on a subject within the ordinary knowledge of the jury: *Watson v. Ford Motor Co.*, 389 S.C. 434, 445, 699 S.E.2d 169, 175 (2010) ("Expert testimony may be used to help the jury to determine a fact in issue based on the expert's specialized knowledge, experience, or skill and is necessary in cases in which the subject matter falls outside the realm of ordinary lay knowledge."); *State v. Jones*, 423 S.C. 631, 635, 817 S.E.2d 268, 270 (2018) ("The admissibility of an expert's testimony is a matter within the trial court's sound discretion and the determination will not be reversed on appeal absent an abuse of discretion."); *id*. ("A trial court's ruling on the admissibility of expert testimony constitutes an abuse of discretion where the ruling is unsupported by the evidence or controlled by an error of law."); *id*. at 637, 816 S.E.2d at 271 (holding in a sexual abuse case that expert testimony regarding behavioral characteristics that do not comport with what a reasonable person would expect under the circumstances is subject matter outside the ordinary knowledge of the jury).

2. As to whether the trial court abused its discretion in allowing expert testimony that was irrelevant: *State v. Hurell*, 424 S.C. 341, 354, 818 S.E.2d 21, 27 (Ct. App. 2018) ("Under Rule 401, SCRE, evidence is relevant if it has a direct bearing upon and tends to establish or make more or less probable the matter in controversy.") (quoting *State v. Adams*, 354 S.C. 361, 378, 580 S.E.2d 785, 794 (Ct. App. 2003)); *State v. Weaverling*, 337 S.C. 460, 474-75, 523 S.E.2d 787, 794 (Ct. App. 1999) (holding expert testimony concerning common behavioral characteristics of victims is relevant and helpful in educating the jury on certain aspects of victim behavior).

3. As to whether the trial court abused its discretion in allowing expert testimony that improperly bolstered the credibility of the witness: *State v. Kromah*, 401 S.C. 340, 358, 737 S.E.2d 490, 499 (2013) ("[E]ven though experts are permitted to give an opinion, they may not offer an opinion regarding the credibility of others."); *State v. McKerley*, 397 S.C. 461, 464, 725 S.E.2d 139, 141 (Ct. App. 2012) ("The assessment of a witness's credibility is within the exclusive province of the jury."); *State v. Brown*, 411 S.C. 332, 345, 768 S.E.2d 246, 253 (Ct. App. 2015) (holding expert testimony on generalized behavioral characteristics of

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

victims of abuse does not improperly bolster the victim's credibility), *abrogated on other grounds by State v. Jones*, 423 S.C. 631, 817 S.E.2d 268 (2018).

**AFFIRMED.**

**SHORT, THOMAS, and GEATHERS, JJ., concur.**